## UNITED STATES v. SLUSSER.

(District Court, S. D. Ohio, W. D.    February 11, 1921.)

1. **Searches and seizures ☞7—Waiver of objection to search.**
   Consent of the owner that a person announcing himself a prohibition agent showing a badge and demanding the right might search premises *held* not a waiver of constitutional right to protection against unreasonable search.

2. **Searches and seizures ☞7—Garage within protection of Constitution.**
   The constitutional immunity from unreasonable searches and seizures *held* to extend to a garage on the premises of his residence and used by the owner personally and in part rented to others.

3. **Intoxicating liquors ☞257—Unlawful search not made lawful by result.**
   A search for liquor, which was unlawful when it began, does not become lawful because liquor is found.

4. **Intoxicating liquors ☞249—Search of private garage without warrant unlawful.**
   Entry by a prohibition agent without a warrant or consent of the owner into a private garage to search for liquor is unlawful.

5. **Criminal law ☞395—Intoxicating liquors ☞256—Liquor obtained through unlawful search cannot be used as evidence, but must be returned when petition filed before trial.**
   Liquor found and seized by a prohibition agent through an unlawful search of a private garage cannot be used as evidence to convict the owner of the garage of an offense, or for the forfeiture of his property if petition for its return is presented to the court before trial, and the fact that city police officers aided in the search is immaterial.

6. **Intoxicating liquors ☞250—Essentials to forfeiture of vehicle.**
   Forfeiture of an automobile under National Prohibition Act Oct. 28, 1919, tit. 2, § 26, must be in strict pursuance to the terms of the statute, and the following elements are essential: (1) That an officer of the law discover some person in the act of illegally transporting liquor in the vehicle; (2) the seizure of the liquor so transported or possessed; (3) the seizure of the vehicle and arrest of the person; (4) that the officer proceed against the person and retain the vehicle, unless redelivered to the owner on giving bond; (5) conviction of the person and order of sale of the vehicle; (6) distribution of the proceeds.

7. **Intoxicating liquors ☞249—Automobile seized without warrant held not subject to forfeiture.**
   The finding and seizure by a prohibition agent of an automobile standing in a private garage with liquor in it, on an illegal search without warrant, *held* not to authorize forfeiture of the automobile under National Prohibition Act Oct. 28, 1919, tit. 2, § 26.

Proceeding by the United States against Harry Slusser.   On application for return of property seized without warrant.   Granted.

R. T. Dickerson and Allen C. Roudebush, Asst. U. S. Attys., both of Cincinnati, Ohio.

Galvin & Bauer, of Cincinnati, Ohio, for defendant.

PECK, District Judge.   On application for the return of property seized without warrant.   Slusser has been bound over to await the action of the grand jury on the charge of illegal transportation of liquor. His automobile, loaded with liquor, was seized in his garage by prohibi-

tion agents. He disclaims knowledge and ownership of the liquor, but that the results of the search may not be used in evidence against him, and in order to regain his automobile, he petitions for its return.

Two prohibition officers and two city policemen went to his residence, knocked, and were admitted. One of the agents displayed his badge and said they were there to search for liquor. Slusser said: "All right; go ahead." They searched his house, and, finding nothing but one quart bottle partially filled with whisky, proceeded to his garage, situated on the house lot. One door was not locked, and they entered. It contained three spaces, one of which he used; the other two he let for hire. Two of the automobiles therein, one his and one another's, were found to be loaded with bottles of whisky. The officers seized the automobiles. removed the lock from one of the doors, of which there were three, with a screwdriver, and drove away.

Slusser denies the ownership of the liquor, and testifies that he had rented his car and garage space for two days to a man named Klover, and that he was in ignorance of the presence of the liquor, or that the car was to be used for its transportation. The following conclusions are reached:

[1] First, as to the legality of the search: The search so permitted by Slusser, after declaration by the prohibition officer, with a display of his badge, that they were there to search the premises, was not by such consent as will amount to a waiver of constitutional rights, but, on the contrary, is to be attributed to a peaceful submission to officers of the law. There is nothing to the contrary in the cases cited by counsel for the government, viz. United States v. Gouled (D. C.) 253 Fed. 242; Ripper v. State, 178 Fed. 24, 101 C. C. A. 152; McClurg v. Brenton, 123 Iowa, 368, 98 N. W. 881, 65 L. R. A. 519, 101 Am. St. Rep. 323; State v. Griswold, 67 Conn. 292, 34 Atl. 1046, 33 L. R. A. 227.

[2] The right of the people to be secure in their houses and effects against unreasonable searches and seizures is not limited to dwelling houses, but extends to a garage used as this was, personally and for hire. If the rule be not so, then not only a garage, but every warehouse, shop, store, and office, and even a safe deposit vault, might be ransacked for liquor by officers upon suspicion. Such is not the law. The right to be protected against unlawful search and seizure extends even to a corporation. Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319. And a corporation cannot be said to occupy a dwelling house. In Jones v. Fletcher, 41 Me. 254, trespass quare clausum was maintained against an officer, who, with warrant to search the dwelling, searched the barn and seized liquor stored therein. See, also, People v. Marxhausen, 204 Mich. 559, 171 N. W. 557, 3 A. L. R. 1505.

[3] An unlawful search cannot be justified by what is found. A search that is unlawful when it begins is not made lawful when it ends by the discovery and seizure of liquor. It was against such prying, on the chance of discovery, that the constitutional amendment was intended to protect the people.

[4] Neither is the discretion of the officer, however good and well-intentioned, a substitute in law for a search warrant issued by a proper

magistrate. It is to the latter that the law has committed the discretion to say when a warrant shall issue; and it can only issue on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons or things to be seized. Constant reiteration of these fundamental principles is warranted by the fact that they seem to be so frequently overlooked.

The procedure for searches under the Volstead Law (41 Stat. 315) is prescribed by section 25 to be that defined in the Act of June 15, 1917, tit. 11, Compiled Statutes, § 10496¼a et seq. The entry without permission, express or implied, into a private garage, without warrant, on a mission of search and seizure, by prohibition agents of the United States, is unlawful. Even a search for stolen goods requires a warrant. It was so by common law before the adoption of the Constitution. Lord Camden in Entick v. Carrington, 19 Howell's State Trials, at page 1067.

[5] Second, as to the competency of evidence so procured: The evidence obtained upon an unwarranted search cannot be used either to secure the owner's conviction or to forfeit his property, if petition for its return is presented to the court before trial. Boyd v. United States, 116 U. S. 634, 6 Sup. Ct. 524, 29 L. Ed. 746. And it was there declared that proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal for all the purposes of the Fourth Amendment and that part of the Fifth Amendment which declares that no person shall be compelled in any criminal case to be a witness against himself. Silverthorne Lumber Co. v. United States, supra; Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. The fact that city police officers assisted in the search and seizure does not alter the result, inasmuch as federal officers participated therein and took charge of the property seized. Flagg v. United States, 233 Fed. 481, 147 C. C. A. 367.

[6] Third, as to the right of restitution: The forfeiture of an automobile, under the twenty-sixth section of the Volstead Law, must be in strict pursuance to the terms thereof. United States v. Hydes (D. C.) 267 Fed. 471; The Goodhope, 268 Fed. 694. The following elements are essential:

(1) That an officer of the law discover some person in the act of illegally transporting liquor in a vehicle.

(2) The seizure of the liquor so transported or possessed.

(3) The seizure of the vehicle and arrest of the person.

(4) That the officer proceed against the person and retain the vehicle, unless redelivered to the owner, upon giving bond to return it to the custody of the officer on the day of trial to abide the judgment of the court.

(5) Conviction of the person and order of sale of the vehicle.

(6) Distribution of the proceeds.

The highest degree of evidence, viz. that an officer of the law perceive some person in the act of illegal transportation, is necessary. Seizure of the vehicle can only be made when liquor is seized. The law

does not forfeit all vehicles at some time used for illegal transportation of liquor, but only those taken in the act. One may be convicted of illegal transportation, yet the vehicle will not be forfeited, unless seized at the time. U. S. v. Hydes, supra. The seizing officer is to have the vehicle in possession on the day of the trial of the person arrested, to abide the judgment in the same proceeding. Should the defendant be acquitted, the automobile must be released, for it is only upon conviction that its sale may be ordered.

[7] In the present case the automobile was standing in the garage with liquor in it. The defendant was in his house, eating his breakfast. The government does not claim that the defendant had theretofore been seen using it for the illegal transportation charged. The evidence might perhaps justify an inference that the liquor had been transported in the automobile to the garage, or that the liquor was loaded with intent to transport it from the garage, or that it was temporarily halted in the progress of transportation. But this is not the degree of proof required to warrant seizure. The evidence does not show that any one was discovered in the act of transporting. It is not necessary that the vehicle should be discovered while actually in motion, but it is necessary that some one should be discovered performing some act in furtherance of transportation, and the government's own evidence here shows that no one was caught in such an act at the time the seizure was made.

Furthermore, a seizure without warrant in a private garage, pursuant to an unauthorized search upon the charge of a mere statutory misdemeanor, is an unlawful seizure and cannot be the basis of a valid forfeiture under the twenty-sixth section of the Volstead Law. The right of an officer of the law to enter to arrest for, or prevent, felony or breach of the peace, in which actual or threatened violence is an essential element, is not here in issue. Commonwealth v. Wright, 158 Mass. 149, 33 N. E. 82, 19 L. R. A. 206, 35 Am. St. Rep. 475; McLennon v. Richardson, 8 Gray (Mass.) 74; Commonwealth v. Krubeck, 8 Pa. Dist. 521.

Lastly, where there is no evidence to warrant the forfeiture of an automobile seized as the vehicle of unlawful transportation, except that obtained upon an unwarranted and unlawful search and seizure and so inadmissible, the automobile cannot be forfeited. There is in such case no competent evidence by which the government can prove its title. Under such circumstances the automobile would have to be returned. United States v. Fenton, 268 Fed. 221, does not go to this point. There the defendants were taken, with the automobile, on the highway, in the act of transportation.

The evidence must be excluded, and the automobile returned.