## SALATA v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 9, 1923.)

No. 3714.

1. **Intoxicating liquors** ⬅⮞248, 249—**Search warrant issued on blank form and on hearsay report was invalid.**

Uncontradicted testimony by a government prohibition agent that the warrant under which he searched defendant's place of business and residence was issued by the clerk of the municipal court on a blank form issued by the court, and that the affidavit was based on a hearsay report, not on the affiant's own knowledge, shows that it was not issued by any one having authority to issue it, nor on probable cause supported by affidavit.

2. **Criminal law** ⬅⮞394—**Evidence procured by search warrant, whose invalidity was undisputed, can be excluded at trial.**

Where there was no dispute at the trial of a criminal prosecution as to the facts which rendered the search warrant invalid, defendant's objection to the admission of evidence procured by the search cannot be overruled, on the ground that the court cannot be required to halt the trial to determine a collateral issue.

3. **Intoxicating liquors** ⬅⮞249—**Submission to search under supposed valid warrant does not waive rights; "go ahead."**

A statement by defendant, when a government officer showed him a liquor search warrant, to "go ahead" with the search, did not waive defendant's constitutional rights, if the search warrant was unlawfully issued, since it is not to be construed as an invitation to search the premises, but rather as a statement of the intention not to resist search under the warrant.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

John Salata was convicted of unlawful possession of distilled liquor, and he brings error. Reversed and remanded.

Oscar E. Diser, of Youngstown, Ohio (Craver, Diser, Huey & Starrs, of Youngstown, Ohio, on the brief), for plaintiff in error.

Berkely W. Henderson, Asst. U. S. Atty., of Cleveland, Ohio.

Before DENISON and DONAHUE, Circuit Judges, and PECK, District Judge.

PER CURIAM. In the progress of the trial in the District Court of the plaintiff in error, John Salata, upon an indictment charging him with the unlawful possession of distilled liquor fit for beverage purposes, and intended for use in violation of title 2 of the National Pro-

⬅⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

hibition Act (41 Stat. 307), C. F. Beilstein, a federal prohibition agent, located at Youngstown, Ohio, was called as a witness on behalf of the government, and testified in reference to procuring a search warrant, authorizing search of Salata's place of business and residence, as follows:

"The warrant was prepared and issued to me on the blank form issued by the municipal court of the city of Youngstown, and Mr. Carney, the clerk of the municipal court of Youngstown, issued the warrant to me. * * * There had been a report came into the office that there was liquor being dispensed in his place of business. I had no knowledge as to who made that report, and I did not have any knowledge other than this report that liquor was being sold there. I had the clerk issue the warrant upon hearsay evidence that liquor was being sold there."

Thereupon the defendant objected to the admission in evidence of any liquor found and seized by the searching officers upon authority of this search warrant. The objection was overruled and exceptions noted.

[1] It is clear from the uncontradicted testimony of the federal prohibition agent, Beilstein, that this search warrant was not issued by any one having authority to issue the same, nor, as required by statute, upon probable cause, supported by affidavit.

[2] The objection to the introduction of this liquor in evidence was overruled by the trial court, for the reason that the objection to the validity of the search warrant and the application for redelivery of the liquor to Salata were not made within a reasonable time after the alleged illegal seizure, and that, therefore, the court was not required to halt the trial to determine the collateral issue of whether evidence, otherwise competent, had been unlawfully acquired. Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575; Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; U. S. v. O'Dowd (D. C.) 273 Fed. 600.

While there does not appear to be any conflict in the authorities in reference to this general rule, yet in this particular case the defendant's objection to the admission in evidence of the property taken and testimony concerning the same, tendered no collateral issue of fact because the facts were not in dispute. These facts were disclosed to the court by the uncontradicted testimony of the government's witness, the federal prohibition agent, who had procured the warrant and made the search and seizure.

The question here presented is substantially the same question, arising upon practically the same state of facts as the question decided by the Supreme Court of the United States in Amos v. U. S., 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654, in which case it was held that:

"When it is clear and undisputed that property used in evidence against a defendant on a criminal trial was procured by the government through an unconstitutional search and seizure in his home, his petition for its return is not too late when made immediately after the jury was sworn, and his motion to exclude the property, and testimony concerning it, from evidence should not be denied as inviting a collateral issue."

To the same effect is Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647.

[3] The further claim of the United States, that the plaintiff waived any constitutional right he might have had, and gave to these officers full permission to search his premises, regardless of the validity of the search warrant, is not sustained by the evidence. The witness, Beilstein, testified that, when he handed this search warrant to Salata and told him it was a search warrant to search his premises, Salata said:

" 'Go ahead; you have full liberty to go all through the place.' I do not say that he used the word 'liberty,' but he did say 'Go ahead.' "

Upon the presentation of what appeared to be a valid search warrant Salata had no choice other than to permit the officers to make the search that the warrant purported to authorize. At that time and under those circumstances neither the words "Go ahead," nor "Go ahead; you have full liberty to go all through the place," can be construed as an invitation on the part of Salata to search his premises without a search warrant, but rather that it was not his intention or purpose to offer any resistence to the officers in the performance of their duty under what he believed, and had a right to believe, was a valid search warrant issued by competent authority on a proper showing of probable cause.

For the reasons above stated, the judgment of the District Court is reversed and cause remanded for further proceedings in accordance with this opinion.