## NEKRUTA v STATE

Ohio Appals, 8th Dist, Cuyahoga Co

No. 10273. Decided November 11, 1929

SULLIVAN, J.

Referring to **Laning on Criminal Law, page 705,** it is held that an officer was not justified in searching the residence where the pursuit and arrest was in connection with the possession of counterfeit money, and in State vs Andrew, 91 W. Va. 720, 114 S. E. 257, the same ruling was made.

In United States vs Slusser, 270 Fed. 818, it was held:

"A search that is unlawful when it begins is not lawful when it ends by the discovery and seizure of intoxicating liquor or other property being used unlawfully. It was against such prying on the chance of discovery that the constitutional amendment was intended to protect the people. Neither is the discretion of the officer, however good, and well intentioned, a substitute in law for a search warrant issued by a proper magistrate. And the rule is the same where the search warrant is invalid."

We are aware of holdings to the contrary but the weight of authorities, we think, is with United States vs Slusser, supra.

In the case at bar there is no question but that the residence was a private residence and there is an utter lack of any evidence that the residence was used in any manner for the purpose of trafficking in intoxicating liquor. The liquor was found in a second story bedroom floor and the boarders in the house had common access to this bedroom even though the record shows that plaintiff in error owned the bed. There was a positive denial on the part of defendant that he owned the liquor and a claim that he had just recently moved into the house for the purpose of residing therein.

Thus there is an absence of proof as to guilty knowledge other than the mere circumstance of the liquor under the floor in a room that was accessible to other people who resided in the premises. There must be proof, as has been so generally held, that in order to constitute the offense of the unlawful possession of liquor the person charged must have knowledge of the existence of the same and that he has some custody or control of it, otherwise he cannot be held, according to a long line of decisions.

**City of Lorain vs Jamison, 20 OA., 529.**
**Blatnik vs State, 23 O. App. 137.**

We also find similar authorities in **Henderson vs State, 14 O. App. 430; Ignath vs State, 16 O. Ap. 191** and many other authorities from foreign jurisdictions which hold likewise.

In Blackmore on Prohibition, 3rd Ed.

1927, p. 663-664 it was held that where a search was begun without a search warrant, and upon the information obtained a writ was issued, all of the evidence discovered before and after procuring the warrant is inadmissible on the ground that the search, after the obtaining of the warrant is merely a continuation of the unlawful search and it is laid down in that case that the maxim that "the end justifies the means" is not a part of legal jurisprudence.

In United States vs Rembert, 284 Fed. 996, we find the following apt language:

"The right to seize intoxicating liquor without a warrant is co-extensive with the right to arrest without a warrant. The right to arrest without a warrant is SEPARATE from the right to search and seize; the former right may be extended by statute without infringing on constitutional rights, but the latter right to search and seize may NOT be extended to general searches and seizures for the purpose of obtaining evidence."

Thus holding, the judgment of the municipal court is hereby reversed, and the defendant is discharged.

Vickery P. J. and Levine, J. concur.