## LEUBBERT et al. v. UNITED STATES.

### No. 10018.

Circuit Court of Appeals, Eighth Circuit.

Nov. 27, 1934.

D. W. Peters, of Jefferson City, Mo., for appellants.

Maurice M. Milligan, U. S. Atty., and Claude E. Curtis, Asst. U. S. Atty., both of Kansas City, Mo.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal from the conviction of defendants on two counts of an indictment charging them, first, with removing and aiding and abetting in the removal of 57½ gallons of whisky from a distillery to a place other than a distillery, to wit, to 1608 Monroe street, in Jefferson City, Mo.; and, second, with concealing and aiding in the concealment of the said whisky upon which no tax had been paid, in violation of section 3296 of the Revised Statutes as amended, 26 USCA § 404.

The evidence upon which the defendants were indicted was secured by the search of the residence of the defendant Fennewald by George L. Craig, a deputy collector of internal revenue, on December 18, 1933, without either a search warrant or a warrant of arrest. About noon on that day, Craig accompanied Deputy United States Marshal Calhoun to 1606 Monroe street to aid him in the service of a warrant upon one Otto Meyer, who was supposed to live at that address. On arrival they were informed that Meyer no longer resided there but that the family residing at 1610 Monroe street had lived there for several years and might be able to furnish them with the information they desired. Craig then proceeded to 1610 Monroe street, and, observing the lady of the house at the rear of it, went back there to inquire about Meyer. He passed within a few feet of the south wall of the house in which the defendant Fennewald lived. While making his inquiry he smelled the odor of hot whisky coming from the basement of the Fennewald house (1608 Monroe street), which was only a few feet distant; heard liquid being poured from a can; heard a voice in conversation which he recognized as the voice of the defendant Fennewald, whom he had arrested before for a violation of the Prohibition Act (27 USCA); and heard the roar of burners. Craig testified that he had been receiving information for some time prior to this date that Fennewald was operating an aging plant at that address. He thereupon approached the basement door, announced to those inside that he was a revenue officer, and forced the door open and entered the basement. He heard men running upstairs and gave pursuit. About half a block distant he caught the defendant Leubbert, declared him under arrest, and took him back to Fennewald's house, and, in the absence of Fennewald who had not been apprehended, conducted the search of Fennewald's residence. The search revealed the liquor described in the indict-

ment, together with two iron tanks filled with water in which barrels containing the liquor were adjusted to float, sixteen burners going under these tanks, and numerous other containers and accessories. None of the containers bore any of the stamps, brands, or marks that are required by law. The defendant Fennewald was not arrested on that day, but surrendered himself to the United States marshal a few days later. The evidence shows that Leubbert was in the temporary employ of Fennewald, and had been called from his residence at 1508 Monroe street on that particular morning by Fennewald to aid him in getting out an order of whisky.

■ The defendant Fennewald filed a motion to suppress the evidence obtained in the search of his residence on the ground that the search and seizure were in violation of the Fourth Amendment to the Constitution and on the hearing of the motion the facts were developed as stated. The court overruled the motion and error is assigned on the ruling. We think the action of the officers in entering the residence of Edward Fennewald without a search warrant was unjustified and illegal. The smell and the sounds coming to the olfactories and the ears of the officers probably gave them reasonable cause to believe that persons within the house had whisky and were pouring it from one container to another, possibly the additional fact that whisky was being heated. But there was no commission of crime in their presence such as would justify them in breaking into the dwelling house. The motion to suppress should have been sustained. Raniele v. United States (C. C. A.) 34 F.(2d) 877; Taylor v. U. S., 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951; U. S. v. Lefkowitz, 285 U. S. 452, 52 S. Ct. 420, 76 L. Ed. 877, 82 A. L. R. 775; Go-Bart Co. v. U. S., 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. 374; Agnello v. U. S., 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746;

Byars v. U. S., 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520; Amos v. U. S., 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652; De Pater v. U. S. (C. C. A.) 34 F.(2d) 277, 74 A. L. R. 1413; Marron v. U. S., 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231; Catagrone v. U. S. (C. C. A.) 63 F.(2d) 931; Cooper v. U. S. (C. C. A.) 299 F. 483; Donahue v. U. S. (C. C. A.) 56 F.(2d) 94; Garske v. U. S. (C. C. A.) 1 F.(2d) 620; U. S. v. Shultz (D. C.) 3 F. Supp. 273; U. S. v. Rembert (D. C.) 284 F. 996.

■ The appeal of the defendant Anton Leubbert is upon other grounds as it is not contended that he lived in the residence which was searched. It is contended for him that the proof was insufficient to sustain conviction against him on either count. As to the first count charging unlawful removal of whisky from a distillery to a place other than a distillery, the record contains no evidence that Leubbert had anything to do with any removal of the whisky found in the Fennewald house, and, therefore, his conviction on the first count must be reversed. On the second count which charges concealment of tax unpaid whisky, there is an equal failure of proof that the defendant Leubbert took any part or aided in or directed the concealment of the whisky which was in the basement of the dwelling house. He had been called on that morning to aid Fennewald in getting out an order of whisky and it may be assumed that to deliver tax unpaid whisky to be consumed would tend to conceal it from the tax collector. But there is no evidence that Leubbert had taken any steps to that end at the time of his arrest. We said in Philyaw v. United States, 29 F.(2d) 225, 227: "The charge of concealment must be supported by some evidence that the defendant actually took part or aided or directed the concealment. It implies affirmative action; something more than a mere failure to disclose. 12 C. J. 374."

The conviction as to both defendants is reversed.