**UNITED STATES v. HOFFENBERG.**
No. 37497.

District Court, E. D. New York.
Oct. 15, 1938.

Michael F. Walsh, U. S. Atty., of Brooklyn, N. Y. (Phillip J. Hirsch, Asst. U. S. Atty., of St. George, S. I., N. Y., of counsel), for the United States.

George H. Gunsher, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the defendant Nathan Hoffenberg to suppress and for the return of personal property seized by the arresting officers.

It appears from the affidavit of Raymond Stack, a patrolman of the New York City Police Department, that on July 12, 1938, he and Patrolman Vincent Kane, having received confidential information that a fire hazard was being maintained at 42 Brighton First Path, Brooklyn, New York, visited said premises about 1:15 P. M., that seated outside of the door leading to the basement of the premises was the defendant; that officers Stack and Kane thereupon identified themselves to the defendant as police officers and stated that they had a complaint that a fire hazard was being maintained. Patrolman Stack in said affidavit further avers: "Mr. Hoffenberg asked your deponent what a fire hazard was and deponent told him that he had reason to believe that an illicit still was being operated on the premises. Mr. Hoffenberg stated, 'There is no still here. If you want to, go ahead and look around.' Your deponent asked Hoffenberg whether he owned the building and Hoffenberg stated that he did. Your deponent asked Hoffenberg whether anyone occupied this building other than himself and he stated that from time to time there were roomers in the house but at the present time he was the only occupant. That your deponent, Vincent Kane, and Nathan Hoffenberg entered the building, and in the basement thereof, your deponent found in a closet under the stairway, the door of which was unlocked, a 20 gallon copper still, a 10 gallon copper still, and a 5 gallon glass jug half filled with whiskey. There was no tax stamp on the 5 gallon jug. In a bedroom in the basement your deponent observed a 5 gallon copper still, a 10 gallon

galvanized cooler, a 5 gallon cooler, and one 2 gallon copper container. In the buffet in the dining room, your deponent found 1 1 gallon jug of alcohol, full; 1 1 gallon jug of whiskey, half full, 1 1 quart bottle of anisette, 1 1 quart bottle of Slivervitz, and 1 1 quart bottle of caramel coloring. That there was no tax stamp evidencing the payment of Internal Revenue tax upon any of these containers. That in the boiler room there was a quantity of empty indicia bottles. None of the stills were set up, nor were they in operation."

The defendant is not charged with the possession of these very small unregistered stills, but the defendant is charged with the possession of a small quantity of tax unpaid liquor. Apparently, the reason for this is that the stills were not "set up".

[1] The Government contends in opposition to this motion that the defendant gave his "consent" to a search of his residence. If he did that would be a valid objection to the motion as a defendant may at the time of the search and seizure waive his constitutional rights. This waiver, however, must be voluntary and not as a result of coercion or threats. It is foreign to the constitution that officers of the law enter a private dwelling without complying with the letter and spirit of the constitution.

A man's home is still his castle and while it is important that criminals be apprehended, prosecuted, and convicted, it is of equal importance that the constitutional rights of all people should be protected, and that there shall be no unreasonable, unwarranted, or unauthorized searches and seizures. The fact that liquor was found during the search would not justify an illegal entry in the premises. This has been well said by the District Court in the case of In re Tri-State Coal & Coke Co. et al., 253 F. 605, 606, wherein the court decided:

"The protection of the people of the United States against unreasonable searches and seizures has been guaranteed by the Fourth Amendment of the Constitution of the United States [U.S.C.A. Amend. 4] in these words:

" 'The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons and things to be seized.'

"The protecting scope of this constitutional provision, as well as its limitations, have been considered and enunciated in various decisions of the Supreme Court, among which may be cited Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Ex parte Jackson, 96 U.S. 727, 24 L.Ed. 877; Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568; Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R. A.1915B, 834, Ann.Cas.1915C, 1177, and many others.

"These cases all recognize, not only the binding force of this constitutional provision, but its high necessity to protect the sanctity of the home and the privacies of life; that this protection is so broad and ample that it embraces all persons, even those accused of crime; and that the duty of giving it full effect rests upon all intrusted under our federal system with the enforcement of the laws."

The justification of the search and seizure herein depends entirely upon the alleged free "consent" of the defendant. The defendant was apprised that the police officers were going to search the premises. He submitted to a peaceful search and denies that he consented to the search. Failure to resist the officers cannot be construed as a "consent" on the part of the defendant. The defendant respected the badge of authority of the police officers. Certainly, the defendant by not resisting the officers, under the circumstances disclosed, did not waive his constitutional rights against an unreasonable search and seizure. He bowed to the authority of the law as he thought, as represented by the police officers. In United States v. Slusser, D.C., 270 F. 818, at page 819, the Court decided: "First, as to the legality of the search: The search so permitted by Slusser, after declaration by the prohibition officer, with a display of his badge, that they were there to search the premises, was not by such consent as will amount to a waiver of constitutional rights, but, on the contrary, is to be attributed to a peaceful submission to officers of the law. There is nothing to the contrary in the cases cited by counsel for the government, viz. United States v. Gouled (D.C.) 253 F. 242; Ripper v. United States, 178 F.

24, 101 C.C.A. 152; McClurg v. Brenton, 123 Iowa 368, 98 N.W. 881, 65 L.R.A. 519, 101 Am.St.Rep. 323; State v. Griswold, 67 Conn. [290] 292, 34 A. 1046, 33 L.R.A. 227."

Where an officer without using physical violence assumes to act in his official capacity ordinarily a law-abiding citizen would not resist a search of his home, even though he knew that the officer was exceeding his authority. Such lack of resistance, however, should not be regarded as a "consent" to an illegal search, but should be regarded as a submission to an officer of the law. See United States v. Slusser, supra; Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Salata v. United States, 6 Cir., 286 F. 125.

The search and seizure herein were unwarranted and illegal, there must be no more such.

The motion to suppress will be granted.

Settle order on notice.