# UNITED STATES v. SULLY.

## Application of SULLY.

District Court, S. D. New York.

Sept. 5, 1944.

Henry K. Chapman, of New York City, for Richard J. Sully.

James B. M. McNally, U. S. Atty., and David Hartfield, Jr., Asst. U. S. Atty., both of New York City, for the United States.

MILLER, District Judge.

The defendant, Richard J. Sully, has made application in this independent proceeding to suppress the evidence obtained by agents of the Alcohol Tax Unit of the Treasury Department in the search of his house at 53 Crosby Place, New Rochelle, N.Y., on June 9, 1944. The search was made without a warrant.

The agents placed the house under observation on the morning of June 8th, at which time they detected an odor of fermenting mash coming from the building. After contacting the New Rochelle police and enlisting their aid, they continued the observation until about 3:45 A.M. on June 9th, when after observing heat waves coming from the chimney and detecting an odor of fumes of distillation, they decided to enter the house. They knocked on the front door and called through to the person answering the knock that they were federal officers. The defendant's mother-in-law, Flora McCoy, opened the door. The officers identified themselves and asked to see the defendant. The defendant called from upstairs to let them come up. When they reached the second floor one of the agents told the defendant he thought he had a still located in the premises. The defendant answered: "Maybe—what about it?" The agent walked toward the attic and the defendant said: "O.K., you got it." The agent went to the attic and there found and seized the still.

The Government contends that the agents were authorized to enter the house without a search warrant because there existed probable cause to believe that a felony was being committed in their presence. Kwong How v. United States, 9 Cir., 71 F.2d 71; Rocchia v. United States, 9 Cir., 78 F.2d 966; Cardinal v. United States, 6 Cir., 79 F.2d 825; Wida v. United States, 8 Cir., 52 F.2d 424. In view of the rulings in Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951; Leubbert v. United States, 8 Cir., 74 F.2d 357, and Ranicle v. United States, 8 Cir., 34 F.2d 877, there is some doubt as to the existence of probable cause; but if we assume that it did exist, it only authorized

944

an entry for the purpose of making an arrest. It did not authorize an entry for the purpose of making a search. A person's house can not lawfully be searched without a search warrant, except as an incident to a lawful arrest therein. Agnello v. United States, 269 U.S. 20, 32, 33, 46 S.Ct. 4, 6, 70 L.Ed. 145. In that case the Supreme Court said:

"Belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant. And such searches are held unlawful notwithstanding facts unquestionably showing probable cause."

That case, as well as others, recognizes the right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed. But that right is limited to a search contemporaneous with or subsequent to a lawful arrest. It does not include the right to search without a warrant prior to an arrest in order to secure evidence to support a future arrest. Taylor v. United States, 286 U.S. 1, 6, 52 S.Ct. 466, 76 L.Ed. 951; Raniele v. United States, supra. Even though the search discloses the violation of a federal statute, the result does not validate a search which was illegal at the time it was made. The right to search must be decided by the situation as disclosed before the search is made. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Wakkuri v. United States, 6 Cir., 67 F.2d 844. In the present case the search preceded the arrest. The procedure for making an arrest under the State practice is applicable to arrests for federal offenses. Cline v. United States, 9 Cir., 9 F.2d 621. An arrest consists in the taking into custody of another person for the purpose of holding him to answer a criminal charge. Sec. 171 N.Y. Code of Criminal Procedure; People v. Marendi, 213 N.Y. 600, 107 N.E. 1058; 6 Corpus Juris Secundum, Arrest, § 1. Although the officers told the defendant they thought he had a still in the house, they did not state to him that he was under arrest or take him into custody before the still was found. Accordingly the search complained of was not an incident of the arrest, and was invalid unless consented to.

The constitutional protection against unreasonable search and seizure can be waived. Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Bowles v. Joseph Denunzio Fruit Co., D.C., 55 F.Supp. 9. But the waiver must be by the defendant himself and also purely voluntary on his part. United States v. Slusser, D.C., 270 F. 818; Raniele v. United States, supra. Acquiescence in the search, without clear consent, or mere submission in an orderly way to the actions of the federal agents, is not a waiver. Ray v. United States, 5 Cir., 84 F.2d 654; United States v. Slusser, supra; United States v. Olmstead, D.C., 7 F.2d 760; United States v. Marra, D.C., 40 F.2d 271. In the present case the admission into the house of the agents by Flora McCoy was not the act of the defendant, and his peaceful submission to their search thereafter did not constitute a voluntary waiver of his constitutional rights. The facts in several of the cases above referred to are similar to the facts in this case, and the rulings therein support the present ruling.

The defendant's application to suppress the evidence in question is granted.