## UNITED STATES v. MINOR.
### Cr. No. 25564.

United States District Court
E. D. Oklahoma.
Dec. 5, 1953.

Frank D. McSherry, U. S. Atty., Muskogee, Okl., for plaintiff.

Cleon A. Summers, Muskogee, Okl., for defendant.

WALLACE, District Judge.

Counsel for defendant has moved to suppress certain evidence obtained by federal officers during a search of defendant's dwelling made without warrant.

The hearing on this motion revealed that the federal officers for about one week prior to the questioned search had good reason to believe the defendant was unlawfully operating a still in his home. On the day of the search in response to a knock by one of the officers, the defendant opened the front door, stepped out on the front porch and closed the front door behind him. One of the officers thereupon identified himself and told the defendant that they had good reason to believe the defendant was unlawfully operating a still on the premises; the officer also told the defendant that they had no search warrant but that they could get one. In response the defendant said, "Well, it's there, I guess you just might as well know it!" The defendant then entered the house through the front door and permitted the officers to follow him into the house; the ensuing search revealed an unregistered still.

■ It is well recognized that officers cannot search a dwelling without a warrant even though probable cause exists that a felony is being committed in their presence.[1] Naturally, an admission of the character made by the instant defendant doubtless would be sufficient grounds for the officers to place the defendant under arrest, although such was not done.

■ There are only two conditions under which a place of residence may be lawfully searched without a search warrant: (1) as an incident to a lawful arrest;[2] or (2) where the defendant expressly waives the constitutional protection and voluntarily gives his consent to a search.[3]

■ In the instant case the Government has failed to establish by the proper measure of proof, even giving full credence to the testimony of the federal officers, that the defendant expressly waived his constitutional guaranty.[4] The defendant's statement "Well, it's there, I guess you just might as well know it!" coupled with a re-entering into the house and permitting the officers to enter cannot be interpreted as clear and positive testimony[5] that the defendant unequivocally and specifically gave the officers the right to search his home;[6] the defend-

1. As mentioned in Agnello v. United States, 1925, 269 U.S. 20, 33, 46 S.Ct. 46, 70 L.Ed. 145: "Belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant. And such searches are held unlawful notwithstanding facts unquestionably showing probable cause. (Citing cases.)"

2. As stated in the Agnello case, 269 U.S. at page 32, 46 S.Ct. at page 6: "While the question has never been directly decided by this court, it has always been assumed that one's house cannot lawfully be searched without a search warrant, except as an incident to a lawful arrest therein. (Citing cases.)"

3. Thomas v. United States, 10 Cir., 1946, 154 F.2d 365, 366; Ruhl v. United States, 10 Cir., 1945, 148 F.2d 173.

4. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

5. In Judd v. United States, 1951, 89 U.S. App.D.C. 64, 190 F.2d 649, 650, 651, the Court said: "Searches and seizures made without a proper warrant are generally to be regarded as unreasonable and violative of the Fourth Amendment. True, the obtaining of the warrant may on occasion be waived by the individual; he may give his consent to the search and seizure. But such a waiver or consent must be proved by clear and positive testimony, and it must be established that there was no duress or coercion, actual or implied. (Citing cases.)"

6. As stated in Karwicki v. United States, 4 Cir., 1932, 55 F.2d 225, 226: "The Fourth Amendment to the Constitution requires that search warrants shall specifically describe the place to be searched; and, when officers search without warrant upon consent given by the owner of property, the consent must be unequivocal and specific, particularly when the premises searched may reasonably be held not to have been covered by the consent given."

ant's conduct more nearly implies mere acquiescence to the search, a submission in an orderly way to the actions of the federal agents.[7]

Motion to suppress is hereby sustained.

7. As mentioned in Ray v. United States, 5 Cir., 1936, 84 F.2d 654, 656: " * * * The consent which opens the doors of a private home to official search and seizure cannot be deemed voluntary unless it be made clearly to appear that it was freely and intelligently given, not expressly or impliedly coerced." Also see United States v. Sully, D.C.N.Y.1944, 56 F.Supp. 942, for an excellent resume of the law touching the exact point in issue.