UNITED STATES of America

v.

William P. GREGORY and Albert
Sumpter, Defendants.

United States District Court
S. D. New York.

Jan. 31, 1962.

Charles B. Rangel, Asst. U. S. Atty.,
New York City, for the United States.

La Muriel Morris, New York City, for
William P. Gregory.

Joseph I. Stone, New York City, for
Albert Sumpter.

WEINFELD, District Judge.

Upon the conclusion of the hearing on
the defendants' motion to suppress evidence, the Court denied that part which
related to a paper bag and its contents
found alongside of the car in which the
defendants were seated immediately prior
to their arrest in front of the hotel where
the defendant Gregory resided.

Decision was reserved on the motion
of Gregory, insofar as it related to the
subsequent search of his apartment in
the hotel and the seizure of heroin therein.

The parties are in agreement that
the disposition of the motion turns on
whether or not there was a valid consent
to search the apartment, since no warrant therefor had been obtained. Such
consent must be established by clear
and convincing evidence and it must appear that there was no duress, actual or
implied. Amos v. United States, 255
U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654
(1921); Judd v. United States, 89 U.S.
App.D.C. 64, 190 F.2d 649, 651 (1951);
Bolger v. United States, 189 F.Supp. 237,
252–253 (S.D.N.Y.1960), aff'd, Bolger v.
Cleary, 293 F.2d 368 (2d Cir. 1961).

Upon a review of all the testimony, the
Court's hearing notes, an appraisal of the
witnesses' demeanor, and based upon all
the surrounding facts and circumstances,
the Court is not persuaded that the Government has sustained its burden of
proof that the defendant knowingly and
voluntarily waived his constitutional
right and consented to the search of his
apartment. The alleged consent, according to the Government agents, was given
by the defendant immediately after his
arrest on the sidewalk outside the hotel,
where he occupied a suite, the entrance
to which had been plugged for nonpayment of rent. According to the agents,
Gregory upon his arrest was asked if he
had more "stuff" in his room, to which he

responded in the negative, whereupon the agent said he would like to look and the defendant replied, "you can look if you like." The defendant, in the custody of arresting agents, then entered the hotel where (still according to the Government agents) he asked the hotel clerk for the key to his apartment, paid something on account of the past due rent, and eventually a key was made available to open the plugged lock. The agents went upstairs with the defendant and made a search of the apartment and readily found heroin on a shelf in a closet. The agents' version that they had informed the hotel clerk that they had permission to search Gregory's apartment, and that they had asked Gregory to verify that in fact such permission had been granted, is not supported by the hotel clerk's testimony. There are other variances as to material matters between the agents' testimony and that of the hotel clerk—this apart from the fact that the defendant denies the conversation wherein it is alleged he consented to the search, and also disputes the circumstances under which entry was gained to the apartment.

Aside from the material variances as to what transpired before the hotel clerk, the alleged consent under the facts and circumstances here presented—a defendant at once denying that narcotics are in his room and at the same time agreeing to a search which obviously must yield narcotics—is not in accord with common experience. Cf. Nelson v. United States, 93 U.S.App.D.C. 14, 208 F.2d 505, 515 (1953); Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649, 651 (1951); Ray v. United States, 84 F.2d 654, 656 (5th Cir. 1936).

■ Further, even if the agents' version be accepted, acquiescence which is resignation—a mere submission in an orderly way to the actions of arresting agents—is not that consent which constitutes an unequivocal, free and intelligent waiver of a fundamental right. Johnson v. United States, 333 U.S. 10, 13, 68 S.Ct. 367, 92 L.Ed. 436 (1948); Higgins v. United States, 93 U.S.App.D.C.

340, 209 F.2d 819, 820 (1954); Catalanotte v. United States, 208 F.2d 264 (6th Cir. 1953); United States v. Gross, 137 F.Supp. 244 (S.D.N.Y.1956); United States v. Alberti, 120 F.Supp. 171 (S.D.N.Y.1954); United States v. Sully, 56 F.Supp. 942 (S.D.N.Y.1944); United States v. Hoffenberg, 24 F.Supp. 989 (E.D.N.Y.1938); United States v. Marra, 40 F.2d 271 (W.D.N.Y.1930).

■ Accordingly, the motion to suppress with respect to evidence obtained in the apartment of the defendant Gregory during the course of the search is granted. Since the property is contraband, it shall be disposed of in accordance with the law.