## WAXMAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit,
May 17, 1926. Rehearing Denied
June 21, 1926.)

No. 4799.

1. **Intoxicating liquors ⬥249—Subbasement, used as distillery by lodger renting room and subbasement, held not home, as would grant him privileges as to search and seizure.**

Subbasement, used as distillery by lodger renting room and subbasement, *held* not to constitute home or residence of lodger, so as to grant him privileges as to search and seizure.

2. **Intoxicating liquors ⬥249—Court held justified in finding person accused of maintaining still consented to search, precluding claim of invasion of constitutional rights.**

Trial court *held* justified in finding that defendant, accused of maintaining and operating still, consented to search of premises, precluding claim of invasion of constitutional rights.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Charles Waxman was convicted of maintaining and operating a still, and he brings error. Affirmed.

Williams, Kelly & McDonald, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. Complaint was made to the prohibition office at San Francisco that a still was maintained and operated at 618 Thirty-Third avenue by one Charles Waxman. On the evening of December 30, 1925, two prohibition agents drove by the premises in question and detected a strong odor of mash emanating therefrom. The agents called two police officers to their assistance, and the four visited the place. Being admitted, they informed Waxman that there was a strong odor of mash coming from the house, and that there must be a still at some place on the premises. Waxman said: "There is no still here. You can go and look," or "Go ahead and find it, then." The officers then proceeded to search the premises without objections, and after searching for about three-quarters of an hour they located a still with much difficulty in a subbasement beneath the house.

When confronted with the still and other paraphernalia upon which the present prosecution was based, Waxman freely admitted that the property belonged to him, that he was manufacturing the liquor for sale, and said that the other occupants of the premises had no connection therewith. Before the trial a motion to suppress evidence was interposed and denied, and upon the trial the property thus seized was admitted in evidence over objection. The defendant was found guilty, and a writ of error has been sued out to review the judgment.

[1, 2] The only error assigned is based on the denial of the motion to suppress and the admission in evidence of the property thus seized. The relation of the plaintiff in error to the premises in question is not entirely clear. In his petition to suppress evidence he averred that the premises were occupied by him as his residence and the residence of the members of his family; that the premises were his private home, used exclusively by him and his family, and not used in whole or in part as a shop, store, saloon, or boarding house. It appeared on the trial, however, that the plaintiff in error was simply a lodger there, paying for his room and board, and renting the subbasement, in which the still and other property were found. Under these circumstances, of course, his home did not extend beyond the particular room occupied by him, and the subbasement, used as a distillery, was no part of his home or residence.

We do not deem it necessary, however, to consider the question of the right of search, because the court below was fully justified in finding that the plaintiff in error consented thereto, and, having consented, is in no position to claim that his constitutional rights were invaded. Dillon v. United States (C. C. A.) 279 F. 639, 646; Windsor v. United States (C. C. A.) 286 F. 51, 55; United States v. Williams (D. C.) 295 F. 219. In view of this conclusion, we deem it unnecessary to discuss the vexed question as to how far officers may go in searching homes or other places, relying solely upon their sense of smell.

The judgment is affirmed.