[Crim. No. 5764.   In Bank.   Dec. 9, 1955.]

## THE PEOPLE, Appellant, v. BEVERLY MICHAEL, Respondent.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, S. Ernest Roll, District Attorney (Los Angeles), Jere J. Sullivan and Lewis Watnick, Deputy District Attorneys, for Appellant.

Forno & Umann and Harry M. Umann for Respondent.

. A. L. Wirin and Fred Okrand as Amici Curiae on behalf of Respondent.

TRAYNOR, J.—By information defendant was charged with four counts of possessing narcotics in violation of Health and Safety Code, section 11500, and one prior felony conviction of violating the same section. Her motion to set the information aside (see Pen. Code, § 995) was granted on the ground that all of the evidence against her had been obtained by an illegal search and seizure in violation of her constitutional rights. The People appeal.

At the time of her arrest defendant was living at her mother's home. Two state narcotics inspectors, an investigator from the Los Angeles district attorney's office, and a Los Angeles police officer went to defendant's residence. They knocked on the door, identified themselves as officers, and were admitted by defendant's mother. They did not have a search warrant. One of the officers identified himself to defendant and asked her if she had any narcotics in the house. Defendant's mother then left the room and returned with a bottle containing a narcotic, which the officer took from her. She told the officers that "This is all she has." Defendant told the officer she knew the bottle contained a narcotic, and on being asked whether she had any more narcotics, she produced a box from her bedroom containing other narcotics and hypodermic equipment, which she handed to the officer. Defendant was arrested, the evidence was taken to police headquarters and analyzed, and four narcotics were identified.

The attorney general contends that the evidence in this case was voluntarily produced by defendant and her mother and was therefore not illegally obtained. Defendant, on the other hand, contends that the admission of the officers into her home and the production of the narcotics were in submission to authority and without effective consent. Accordingly, she contends that anything the officers heard and any physical evidence they obtained after the entry without a warrant was inadmissible.

■ To protect his right to object to an unreasonable search or seizure a defendant need not forcibly resist an officer's assertion of authority to enter his home or search it or his person (*United States* v. *Di Re*, 332 U.S. 581, 594 [68 S.Ct. 222, 92 L.Ed. 210] ; *Amos* v. *United States*, 255 U.S. 313, 317 [4 S.Ct. 266, 65 L.Ed. 654]), but if he freely consents to an entry or search, or voluntarily produces evidence against himself, his constitutional rights are not violated and any search or taking of evidence pursuant to his consent is not unreasonable. (*Zap* v. *United States*, 328 U.S. 624, 628 [66 S.Ct. 1277, 90 L.Ed. 1477] ; *Davis* v. *United States*, 328 U.S. 582, 593-594 [66 S.Ct. 1256, 90 L.Ed. 1453] ; *In re Dixon*, 41 Cal.2d 756, 761 [264 P.2d 513].) ■ Whether in a particular case an apparent consent was in fact voluntarily given or was in submission to an express or implied assertion of authority, is a question of fact to be determined in the light of all the circumstances. Since the cases that have determined this question under varying factual circumstances are difficult if not impossible to reconcile (compare e.g., *Davis* v. *United States, supra*, 328 U.S. 582, 593-594, with *Johnson* v. *United States*, 333 U.S. 10, 12-13 [68 S.Ct. 367, 92 L.Ed. 436] ; *Waxman* v. *United States*, 12 F.2d 775, with *Pritchett* v. *State*, 78 Okla.Crim. 67 [143 P.2d 622, 623-625] ; *Smuk* v. *People*, 72 Colo. 97 [209 P. 636, 637], with *Salata* v. *United States*, 286 F. 125, 127), and may reflect imperfectly the factual situations before the courts that decided them, they point to no compelling solution in the present case. ■ On the record before us, we have concluded that the officer's testimony before the magistrate constituted sufficient evidence that the entry into the house and subsequent discoveries were made with the consent of defendant and her mother to justify the admission and use of the evidence at the preliminary hearing to establish probable cause for holding defendant to answer.

This is not a case in which entry was made pursuant to the supposed authority of an invalid search warrant. (See *United States* v. *Kelih*, 272 F. 484, 490; *Salata* v. *United States, supra*, 286 F. 125, 127; *Hernandez* v. *State*, 137 Tex. Crim. 343 [129 S.W.2d 301, 305].) Nor is it a case in which the officers entered without the permission or knowledge of the occupants (see *Dukes* v. *United States*, 275 F. 142, 144-145; *Farris* v. *United States*, 24 F.2d 639, 640), or demanded the right to search without a warrant. (See *Amos* v. *United States, supra*, 255 U.S. 313, 317; *United States* v.

*Slusser,* 270 F. 818, 819.) All that appears is that four officers went to defendant's home, identified themselves, and were admitted by defendant's mother. Within approximately a minute of their arrival they asked defendant if she had any narcotics, and all of the evidence was then voluntarily produced by the two women. Under these circumstances, to hold as a matter of law that the evidence was produced in response to an unlawful assertion of authority would seriously hamper officers in the reasonable performance of their duties. █ Thus, it is not unreasonable for officers to seek interviews with suspects or witnesses or to call upon them at their homes for such purposes. Such inquiries, although courteously made and not accompanied with any assertion of a right to enter or search or secure answers, would permit the criminal to defeat his prosecution by voluntarily revealing all of the evidence against him and then contending that he acted only in response to an implied assertion of unlawful authority.

█ We are not unmindful of the fact that the appearance of four officers at the door may be a disturbing experience, and that a request to enter made to a distraught or timid woman might under certain circumstances carry with it an implied assertion of authority that the occupant should not be expected to resist. (See *State* v. *Lindway,* 131 Ohio St. 166 [2 N.E.2d 490, 493]; *People* v. *Lind,* 370 Ill. 131 [18 N.E.2d 189, 192]; *Petition of Shoemaker,* 9 F.2d 170, 171.) Neither defendant nor her mother testified at the preliminary hearing, however, and the testimony that was given indicates only that the evidence was voluntarily produced in response to a reasonable inquiry. (See *In re Dixon, supra,* 41 Cal.2d 756, 761; *Gray* v. *State,* 243 Wis. 57, 63 [9 N.W.2d 68]; *United States* v. *Pugliese,* 153 F.2d 497, 498-499; *United States* v. *Sferas,* 210 F.2d 69, 73-74; *State* v. *Hagan,* 47 Idaho 315 [274 P. 628, 629]; *Hernandez* v. *State, supra,* 137 Tex. Crim. 343 [129 S.W.2d 301, 305]; *Clark* v. *State,* 78 Okla. Crim. 423 [149 P.2d 994, 996-997].)

The order is reversed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.