[Crim. No. 6140. Second Dist., Div. Two. Oct. 20, 1958.]

THE PEOPLE, Respondent, v. EDWARD HOUSTON, Appellant.

Edward Houston, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was charged with possession of heroin in violation of section 11500 of the Health and Safety Code. It was also alleged that he had suffered a prior felony conviction for forgery and served a term of imprisonment therefor. A jury trial having been waived, the court found the defendant guilty as charged, and also found the alleged prior conviction to be true. Defendant was sentenced to the state prison. He has appealed from the judgment.

Sergeant Hall, of the Los Angeles Police Department attached to the Narcotics Division, had received information from two informants, whom he considered reliable on the basis of past performance, that defendant was a user and peddler of narcotics, and that he kept narcotics in his rectum. On the morning of July 8, 1957, Sergeant Hall also received information from a brother officer that defendant was then in possession of heroin and had it secreted as above indicated. Shortly thereafter, Sergeant Hall and his partner, Sergeant Bowser, went to defendant's apartment, Room 331 at 460 East Fourth Street; they arrived there at about 10:30 a.m. Sergeant Hall knocked on the door; thereupon defendant opened the door, and stood back approximately 3 feet. Defendant was in the nude. The officer observed that there were needle marks and scars over the veins of each arm, indicating that defendant was a user of narcotics. Sergeant Hall advised defendant that he was a police officer and that he was under arrest on a narcotics charge. The officers did not have a warrant for defendant's arrest. They then entered and conducted a search of the room. No narcotics were found. Sergeant Hall inquired of defendant whether he had any narcotics in or on his person, and defendant replied in the negative. After defendant dressed, the officers left for jail with the defendant in custody. On the way, Sergeant Hall had a conversation with the defendant in which the officer explained to him that they had information that he had nar-

cotics secreted within his body, and asked defendant whether he would give permission for a body search. Defendant stated that he would give such permission. He was then asked if he would put it in writing, and defendant stated that he would not. Defendant was then informed that he was going to jail and would be booked and if he had any narcotic secreted in his body it would be better if he gave it to the officers rather than have it found in the jail. Thereupon defendant stated that he would give it to the officers, and at that time he inserted his fingers into his rectum and withdrew a latex bag containing six white paper bindles, which were found to contain heroin. In a conversation with the officers defendant stated that he had bought the narcotics from a woman on Sixth Street. Sergeant Hall testified that secreting narcotics in such fashion was not unusual.

Defendant did not take the stand and did not present any evidence in his behalf.

■ Defendant asserts that the evidence of guilt was obtained by a ''body search'' in violation of his constitutional rights. There is not the slightest evidence that the officers searched defendant's person. The uncontradicted evidence is that defendant voluntarily withdrew the latex bag from his rectum and handed it to the officer when the latter told him he was going to jail, where he would be booked, and if he had any narcotics secreted in his body it would be better if he gave it to the officers rather than have it found in the jail. Since defendant had had previous jail experience, he of course knew he would be searched upon being booked, and that since the officers had information that he possessed contraband and where he concealed it, he naturally realized that it would be discovered. Having been previously incarcerated in a penal institution he was undoubtedly aware of the serious consequences of having contraband found in one's possession in such an institution. Hence he realized that the officer's statement was correct, as truly it was, for section 4573 of the Penal Code makes it a felony to bring narcotics into a jail. In the circumstances the statement of the officer was not improper and did not constitute duress or otherwise violate any of defendant's constitutional rights (see *People* v. *Woods,* 139 Cal.App.2d 515, 524-25 [293 P.2d 901]), and the contraband handed over to the officers by defendant was admissible in evidence.

■ Whether defendant's apparent consent to disclose and surrender the contraband was in fact voluntarily given was a

question of fact. (*People* v. *Michael*, 45 Cal.2d 751, 753 [290 P.2d 852].) But, under the evidence, there can be only one answer to that question unless a contrary answer is dictated by reason of the fact that defendant was under arrest at the time he revealed and delivered the latex bag to the officers. Our Supreme Court has not passed upon this specific point. It did, however, reject, in *Rogers* v. *Superior Court*, 46 Cal.2d 3, 10-11 [291 P.2d 929], the federal rule that a confession made during a period of illegal detention is inadmissible. The case holds that the fact that a confession is made during an unlawful detention is "only one of the factors to be considered in determining whether the statement was voluntarily made."

■ No good reason appears for holding otherwise relative to the consent of a defendant to disclose and hand over contraband while under arrest. (*People* v. *Lujan*, 141 Cal.App.2d 143, 147 [296 P.2d 93].) In the Lujan case, which involved an actual search and seizure, this court held that the mere fact that defendant was under arrest and in handcuffs at the time he gave his consent to search his home did not per se vitiate such consent. In the instant case defendant did not take the stand and did not otherwise challenge the testimony of the officer as to the circumstances under which he disclosed and surrendered the contraband. ■ Where, as here, a defendant voluntarily produces evidence against himself his constitutional rights are not violated. (*People* v. *Michael, supra.*)

Since there was no search and seizure involved in this case, defendant having voluntarily disclosed and surrendered the evidence, the rule of *Priestly* v. *Superior Court*, 50 Cal.2d 812 [330 P.2d 39], relative to disclosing the identity of confidential informants, is not here pertinent.

The record reveals no basis whatever for defendant's assertion of misconduct either on the part of the judge or the prosecutor.

The statement of facts demonstrates there is no substance to defendant's claim that the evidence is insufficient to sustain his conviction.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing, erroneously designated as "Application for Writ of Habeas Corpus," was denied November 25, 1958.