[Crim. No. 3732.   First Dist., Div. One.   Aug. 11, 1960.]

THE PEOPLE, Respondent, v. WILLIAM DAVID SMITH, Appellant.

R. Barry Churton, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Peter T. Kennedy, Deputy Attorneys General, for Respondent.

DUNIWAY, J.—Defendant appeals from a judgment of conviction of possession of heroin (Health & Saf. Code, § 11500). He is represented by court appointed counsel. He makes no claim that the evidence is insufficient to sustain the verdict of the jury. His sole contention is that certain important evidence was obtained by means of an unlawful search of his home. He himself expressly refused to consent to such a

search. But consent was given by one Betty Lou James, and the question is whether that consent was sufficient. If it was, it is unnecessary to determine whether the officers had reasonable cause to make the search. (*People* v. *Burke,* 47 Cal.2d 45, 49 [301 P.2d 241]; *People* v. *Michael,* 45 Cal.2d 751, 753 [290 P.2d 852].) We conclude that Mrs. James' consent was sufficient.

■ Appellant was arrested on the night of January 28, 1959. Mrs. James was in his car and was arrested with him. Both of them bore the physical marks of narcotics users, and appeared to be under the influence of narcotics. She testified that she had been a "guest" in defendant's home since early November, 1958. They were not married. During that period she also stayed part of the time with a girl friend, at another address. She kept some of her things at each place. She paid no rent and bought no food while staying with defendant. On the night in question, she had quarrelled with the girl friend and had removed those of her belongings that were in the girl friend's apartment, and she and defendant were on the way to his place, with those things, which were to be put in his home. She had a key to defendant's place and called it her home. She told the officers that she was living there. She let the officers in, and gave them permission to search.

The foregoing evidence seems to us clearly to support the conclusion that Mrs. James was more than a mere temporary guest of defendant and was in fact one of those in possession of the premises, and free to admit others to them, because she was residing there with defendant. The case falls within the rule applied in *People* v. *Silva,* 140 Cal.App.2d 791, 794-795 [295 P.2d 942]; and *People* v. *Howard,* 166 Cal.App.2d 638, 651 [334 P.2d 105]; cf. *People* v. *Herman,* 163 Cal.App.2d 821, 826 [329 P.2d 989]. It seems quite clear that the officers were justified in concluding that Mrs. James had the authority over appellant's home that she purported to have. (*People* v. *Caritativo,* 46 Cal.2 68, 72-73 [292 P.2d 513]; *People* v. *Gorg,* 45 Cal.2d 776, 782-783 [291 P.2d 469].)

Affirmed.

Bray, P. J., and Tobriner, J., concurred.