[Crim. No. 6875.  Second Dist., Div. One.  Sept. 8, 1960.]

THE PEOPLE, Respondent, v. WILLIE B. CAMPOS, Appellant.

Harry E. Weiss and Russell E. Parsons for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

WOOD, P. J.—Defendant was convicted, in a nonjury trial, of unlawfully possessing marijuana. He appeals from the judgment and sentence. His contention is that the arrest, search and seizure were unlawful, and that the court erred in receiving the marijuana in evidence.

Officer Virgin testified that on November 18, 1958, about 6 :15 p. m., he saw defendant enter a café on South Main Street in Los Angeles; defendant stayed in there until approximately 7 p. m., when he left the café, crossed the street, and entered an automobile that was occupied by a woman and a child; after he entered the automobile, the officer (witness) and three

other officers approached the defendant and asked him to get out of the automobile; defendant complied with the request; the witness asked him if his name was ''Willie Campos''; he replied, ''Yes''; when the witness asked defendant if he had any narcotics on him, he replied, ''No''; then the witness asked him if the officers might look; after saying, ''Go ahead,'' he held his coat open; the officers searched him and found no narcotics on his person; they asked him if he had any stuff in the automobile; he replied, ''No''; then they asked him if they might look; he replied, ''Go ahead''; they searched the automobile and found a brown bag under the front seat, which bag was full of smaller brown bags; they showed the bag to defendant and asked him what it was; he replied, ''Marijuana''; then they arrested him; they had a conversation with defendant at the police station, about 8:30 p. m. on the day of the arrest, and that conversation was tape-recorded; in that conversation defendant said that he had bought the marijuana that was found in the car and that the marijuana was his; he also said that he bought the marijuana at 12th and Central, and had paid $50 for six cans of it; he also said that his wife and child, who were in the automobile, did not know anything about the marijuana and they were not present when he picked it up; and he said that he had told his wife that this was ''just a robbery beef.''

On cross-examination, Officer Virgin testified that he was looking for ''a Willie Campos'' that night; he was looking for ''a Willie Campos'' who was involved with the federal authorities; he had a picture of Willie Campos with him at that time, and it was a picture of the defendant herein; he (witness) had read in a newspaper about a person by the name of Willie Campos, who was involved in a federal case and who lived on Paramount Boulevard; the ''Willie Campos,'' who is defendant herein, also lived on that boulevard, but he is not the one who was involved in the federal case; the witness did not know until after the arrest herein, and until he had gone to a newspaper office and read the newspaper article again, that there were two persons by that name; prior to the time he reread that article he assumed that this defendant was the other Willie Campos; he (witness) had no information about this particular defendant on the night of the arrest; he had no search warrant or warrant of arrest.

A chemist testified that the substance which was in the brown bag was marijuana.

When the prosecution offered the marijuana in evidence,

the defendant made a motion to suppress the evidence on the ground that there was no probable cause for the arrest, and that the search of the automobile was illegal. Before the judge ruled on the motion, the defendant asked that he be permitted to give testimony regarding the matter of consent. Thereupon, the judge said that the ruling on the motion would be reserved until after further testimony had been received.

Defendant testified that on November 18, 1958, about 7 p. m., while he was getting into his car on Main Street, six officers approached his car; one of them asked him to get out of the car; defendant asked, ''What's all this about?''; an officer, after saying that defendant was under arrest, handcuffed him and searched him; another officer searched the car; defendant had not consented to the search of his car or his person. On cross-examination, he testified that an officer said, ''You're W. Campos, aren't you?''; he replied, ''Yes''; then the officer said that ''the fellows'' had arrested defendant at the Compton Airport; then defendant started laughing, and said, ''You must be kidding''; the officers did not ask him if he had narcotics on his person.

The court denied the motion which had been made (motion to suppress evidence), and the marijuana was received in evidence.

Defendant testified further, on direct examination, that after an officer had searched the car he (officer) displayed a brown bag, and said, ''What's this?''; defendant replied, ''I don't know''; then defendant asked the officer to take him ''aside'' (away from the car) so that defendant's wife could not hear; then defendant ''figured'' and ''took it for granted'' that when they showed him the bag ''that that was what it was,'' and that a woman (not his wife) who had used his car had left the bag there; an officer asked defendant if he was going to let his wife take the rap; defendant replied, ''I'll take the rap. It's mine''; he had to say that to protect his wife and child, but he did not know what was in the bag; he did not know who placed the bag under the car seat, but he had an idea that probably it was ''this girl'' who had used his car. On cross-examination, he testified that the girl's first name was Carol, but he did not know her last name; he had gone out with this girl several times, and she had borrowed his car.

Appellant contends that there was no probable cause for the arrest, that the search of the automobile was illegal, and that the marijuana should not have been received in evidence. His

argument is to the effect that the officers had no prior information concerning this defendant and they were not looking for him—he was the wrong man; that appellant did not act suspiciously; that he left his wife and child in the automobile while he went into a café where he stayed a short time, and then he returned to his automobile; that he did not consent to the search; that the consent, if any, was not voluntary but was given under coercion and in submission to authority by reason of the fact that several officers were present.

The officers had information about a man by the name of Willie Campos who had been involved with the federal authorities and who lived on Paramount Boulevard. The officers were looking for that Willie Campos. The Willie Campos, who is the defendant herein, also lived on Paramount Boulevard, and Officer Virgin had a picture of him and assumed that he was the Willie Campos, about whom they had information and for whom they were looking. The person, who appeared to the officers to be the Willie Campos they were looking for, entered the café, stayed there about 45 minutes, and then returned to an automobile which was parked across the street from the café. When that person was entering the automobile the officers approached him, asked him to get out of the automobile, and asked if his name was Willie Campos. He replied that that was his name, and the officers asked him questions about narcotics. ▇▇ Under the circumstances here, the officers were justified in asking the defendant to get out of the automobile, and they were justified in asking him questions as to his identity and as to whether he had narcotics. "[I]t is not unreasonable for officers to seek interviews with suspects . . . ." (*People* v. *Michael*, 45 Cal.2d 751, 754 [290 P.2d 852].)

▇▇ According to testimony of Officer Virgin, he asked defendant for permission to search him, and the defendant said, "Go ahead," and then held his coat open. Also, according to that officer's testimony, the officers asked defendant for permission to search his automobile, and the defendant said, "Go ahead." Defendant testified that he did not consent to a search of his automobile or his person. In his brief he asserts in effect, as above indicated, that the consent, if any, was not voluntary. He does not assert that consent, if any, was obtained by force, or a threat, or promise of reward. His assertion with respect to the alleged involuntary character of consent is to the effect that the presence of several officers constituted coercion, with the result that he was re-

quired to submit to authority. Whether or not the defendant consented to a search was a question of fact for the determination of the trial judge. The evidence was sufficient to support the implied finding of the trial judge that consent was given voluntarily. In *People* v. *Melody,* 164 Cal.App.2d 728 [331 P.2d 72], it was said, at page 734: "This testimony, together with the defendant's account of the search created a factual issue concerning defendant's consent. Since we must view the evidence and all inferences reasonably deducible therefrom in the light most favorable to respondent, we are justified in assuming in support of the judgment of conviction an implied finding of the trial court that defendant voluntarily consented to the search. This determination is based on the trial judge's adherence to the officer's version of the search and is binding on the reviewing court unless it appears that upon no hypothesis whatsoever is there sufficient substantial evidence to support it."

As above stated, a part of appellant's argument is to the effect that the marijuana should not have been received in evidence because this defendant was not the person for whom the officers were looking. Although it is true that the officers were not looking for this defendant, the evidence shows that they had reasonable cause to believe that he was the one concerning whom they had information. Since they were justified in interviewing him and in making the search, it is not reasonable to conclude that marijuana, which was found in his possession during the search, was not admissible in evidence merely because the defendant was not the person for whom they were looking. The marijuana was found by the officers, in the possession of defendant, while they were properly performing their police duties and it was admissible in evidence.

There was probable cause for the arrest; and the arrest, search and seizure were lawful. The evidence was sufficient to support the judgment.

No appeal lies from the sentence (*People* v. *Gallardo,* 41 Cal.2d 57, 60 [257 P.2d 29].)

The attempted appeal from the sentence is dismissed. The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 1, 1960. Peters, J., was of the opinion that the petition should be granted.