[Crim. No. 7508.   Second Dist., Div. Two.   Oct. 23, 1961.]

THE PEOPLE, Respondent, v. THOMAS GORDON McGHEE, Appellant.

Harry E. Weiss for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Matthew M. Kearney, Deputy Attorneys General, for Respondent.

HERNDON, J.—Defendant was convicted of a violation of section 337a, subdivision 2, of the Penal Code as charged in the second count of an information alleging that he kept and occupied a certain house with paraphernalia for the purpose of bookmaking. A jury trial was waived, and pursuant to stipulation, the cause was submitted upon the reporter's transcript of the preliminary hearing and some additional evidence was offered by the People. Defendant did not take the witness stand and offered no evidence in his defense.

On this appeal from the judgment and sentence[1] defendant does not question the sufficiency of the evidence to support the judgment. His sole contention is that all of the incriminating evidence was obtained by an unlawful search and seizure in violation of his constitutional rights. The evidence relevant to the issue thus presented is undisputed.

On July 14, 1960, Gilbert Dominguez, a police officer of the city of Los Angeles, received a telephone call from a person who stated that he lived in the vicinity of 4406 South San Pedro, and who complained of "a lot of noise of gambling and betting on horses" at that address. The officer asked the name of the person making the telephone call, but received the answer, "I refuse to give my name, I want you to keep those people quiet."

On that same day Officers Dominguez and McCann initiated an investigation by going to the address indicated by the anonymous complainant, arriving there at approximately 1:15 p. m. The structure located there was a one-story, four-room residence. Officer Dominguez went to the front door and knocked. When defendant came to the door, the officers identified themselves as policemen, informed defendant that they were making a bookmaking investigation, and requested his permission to look around. Defendant unlatched the screen door, opened it and stated: "Come in and look around all you want. I have nothing to hide."

The officers thereupon entered the residence without a search warrant and found therein various papers, equipment and paraphernalia characteristic of a bookmaking establishment. The officers thereafter placed defendant under arrest and seized the items of incriminating evidence which they had

---

[1]The judgment is the sentence so that the affirmance of the judgment carries with it the affirmance of the sentence. (*People* v. *Sweeney,* 55 Cal. 2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049].)

found. At the trial this evidence was received over defendant's objection that it had been illegally obtained.

Since defendant does not question the sufficiency of the evidence to sustain his conviction, it is unnecessary to burden this opinion with a detailed description of the exhibits, or with a lengthy recital of the other incriminating evidence introduced by the prosecution. The sole and determinative issue is whether or not the trial court erred in overruling defendant's objection to the evidence obtained in the manner above described.

Defendant first argues that the police officers acted wrongfully and without probable cause in going to his residence for the purpose of investigation merely on the basis of information received from an anonymous informer by telephone without first making some other preliminary investigation. No authority is cited in support of this argument which we regard as unsound. ■ "[I]t is not unreasonable for · officers to seek interviews with suspects or witnesses or to call upon them at their homes for such purposes." (*People* v. *Michael,* 45 Cal.2d 751, 754 [290 P.2d 852]; *People* v. *Martin,* 45 Cal.2d 755, 761 [290 P.2d 855].)

Defendant's basic contention is that his consent to the search of his residence was not free and voluntary, but coerced, in that it was given in submission to a request made by police officers under the color of their authority as officers conducting a felony investigation. ■ This contention runs counter to the established law of this state (1) that where the defendant freely and voluntarily consents to a search of premises under his control, his consitutional rights are not violated and any search or taking of evidence pursuant to his consent is not unreasonable; ■ and (2) that whether, in a particular case, an apparent consent was in fact voluntarily given or was in submission to an express or implied assertion of authority, is a question of fact to be determined in the light of all the circumstances. (*People* v. *Fischer,* 49 Cal.2d 442, 448 [317 P.2d 967]; *People* v. *Burke,* 47 Cal.2d 45, 49 [301 P.2d 241]; *People* v. *Michael, supra,* 45 Cal.2d 751, 753; *People* v. *Gorg,* 45 Cal.2d 776, 782 [291 P.2d 469]; *People* v. *King,* 175 Cal.App.2d 386, 389 [346 P.2d 235]; *People* v. *Melody,* 164 Cal.App.2d 728, 734 [331 P.2d 72].)

The comparatively recent case of *People* v. *Burke, supra,* 47 Cal.2d 45, involved a factual situation very similar to that

presented in the case at bar. In its decision in that case our Supreme Court said (p. 49):

"It was not necessary here, however, for the People to show that the search and seizure were reasonable as incident to a proper arrest, for they showed that defendant freely consented to the search of his apartment which disclosed the evidence which defendant has since claimed was illegally obtained. It was not unreasonable for the officers, without any show of force or coercion, to call upon the suspected defendant at his home, or to ask him questions, or to accept defendant's statement, 'No, go ahead,' in answer to the inquiry, 'You don't mind then if we search your apartment do you?' Under the circumstances here, as under those in *People* v. *Michael* (1955), 45 Cal.2d 751, 754 [290 P.2d 852], a holding that as a matter of law defendant acted because of an unlawful assertion of authority by the officers would be unjustified. (See also *People* v. *Martin* (1955), 45 Cal.2d 755, 761 [290 P.2d 855].)"

Defendant here cites and relies upon *Johnson* v. *United States,* 333 U.S. 10 [68 S.Ct. 367, 92 L.Ed. 436]. Applicable here is the following comment with reference to the *Johnson* case and other federal cases which was made in *People* v. *Michael, supra,* 45 Cal.2d 751, 753, and quoted with approval in *People* v. *Burke, supra,* 47 Cal.2d 45, 49: " 'Whether in a particular case an apparent consent was in fact voluntarily given or was in submission to an express or implied assertion of authority, is a question of fact to be determined in the light of all the circumstances. Since the cases that have determined this question under varying factual circumstances are difficult if not impossible to reconcile [citations], and may reflect imperfectly the factual situations before the courts that decided them, they point to no compelling solution in the present case.' "

In *People* v. *Robinson,* 149 Cal.App.2d 282, 286 [308 P.2d 461], it was held that *Johnson* v. *United States, supra,* and certain other federal cases were not controlling because the determinative questions under consideration were questions of evidence so that the federal precedents would not be binding as they would be with respect to a constitutional problem. (See also *People* v. *Cunningham,* 188 Cal.App.2d 606, 610 [10 Cal.Rptr. 604].) In the *Johnson* case the officers in effect demanded admission into a home, whereupon the defendant

"stepped back acquiescently" and admitted them without saying anything. In that case there apparently was no showing whatever that the defendant gave any indication of consent to the search that was made.

The consent given by the defendant in the case at bar could hardly have been expressed in language better chosen to indicate that it was freely and voluntarily given. When the officer requested permission to look around, defendant unlatched the screen door, opened it and said: "Come in and look around all you want. I have nothing to hide." There is nothing in the record to suggest that the officers "demanded" entry or used any form of coercion.

The judgment is affirmed.

Fox, P. J., Ashburn, J., concurred.