[Crim. No. 4968.   First Dist., Div. Three.   Nov. 5, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. EARSIE
BANKS, Defendant and Appellant.

John D. Nunes, Public Defender, and Howard A. Siegel,
Assistant Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr.,
and John F. Kraetzer, Deputy Attorneys General, for Plaintiff
and Respondent.

SALSMAN, J.—Appellant was convicted of burglary. His contentions on appeal are first that the trial court erred in admitting certain evidence which appellant argues was the product of illegal search and seizure, and second that the trial court should have instructed the jury on a lesser included offense. We resolve these contentions against appellant and therefore affirm the judgment.

The record discloses these facts: William Shaw parked his automobile on a public street in Oakland. He placed his transistor radio underneath the driver's seat, locked the car and departed. He returned a few hours later, and found appellant in the front seat of the car. A window of the car had been broken. Appellant jumped out of the car and ran. He was pursued by Shaw and by Police Officer Cheney, who was nearby. Officer Cheney pursued appellant past the St. Julian Hotel and caught him a short distance beyond the entrance to the hotel. Appellant identified himself by name. Officer Kelsey then joined in the investigation. Shaw told the officers his radio was missing. Appellant denied that he lived at the St. Julian Hotel, but search of his person revealed a key attached to a plastic tab bearing the number "20", but no other designation. The officers entered the hotel and found that Earsie Banks and a Thomas Griffen, whose true name was Lawrence Gray, were registered in room 20. The officers, Shaw and the hotel clerk went to room 20. The officers knocked on the door, identified themselves, and the door was then opened by Gray. At trial the officers testified in effect that they asked permission to enter and look around, and that Gray granted permission. Gray, on the other hand, testified that he did not grant permission to enter and search. The court ruled that consent to search had been given. In searching the room the officers found Shaw's radio beneath the mattress on the bed. It was received in evidence, over appellant's objection on the ground of illegal search.

■ Appellant first argues that search of his room may not be justified as a search incidental to a lawful arrest. He points to the fact that he was arrested on a public street, and not in the hotel or hotel room. He cites *People* v. *Cruz*, 61 Cal.2d 861 [40 Cal.Rptr. 841, 395 P.2d 889] in support of this contention. In *Cruz* the Supreme Court said, ". . . we are constrained to hold that a search is not 'incidental to an arrest' unless it is limited to the premises where the arrest is made; is contemporaneous therewith; has a definite object; and is reasonable in scope." But the rule of *Cruz* is not

applicable here. The trial court found on sufficient evidence that consent to search of appellant's room was given by Gray, who was a joint occupant. ██ Whether or not consent was given is a question of fact, to be determined in the light of the circumstances of each case. (*People* v. *Michael*, 45 Cal.2d 751, 753 [290 P.2d 852].) The trial court's finding of consent here is fully supported by the evidence. Consent here was valid and constitutes sufficient justification for entry and search by the officers. (See *People* v. *Gorg*, 45 Cal.2d 776, 783 [291 P.2d 469]; *People* v. *Caritativo*, 46 Cal.2d 68, 72-73 [292 P.2d 513].) ██ In *People* v. *Guyette*, 231 Cal. App.2d 460, 464 [41 Cal.Rptr. 875], the court said: ''The law of California is clear that a cotenant may authorize the entry and search of premises shared with another; a joint occupant of a room or building, or one of those in possession, may give consent to the entry and search. [Citations.]'' We distinguish *Tompkins* v. *Superior Court*, 59 Cal.2d 65 [27 Cal. Rptr. 889, 378 P.2d 113], which appellant argues compels a different result. In *Tompkins*, consent to enter jointly occupied premises was given by one joint occupant who was arrested on the street at a distance from the premises. It was there held that such consent was ineffectual where entry and search were made over objections of the other joint occupant actually on the premises. Here, as we have seen, appellant was arrested on the street near the hotel where he lived. Appellant did not grant or deny permission to search his room. He did deny that he lived at the hotel. But when the officers discovered appellant's room, the joint occupant in the room at the time did consent to the search. In *People* v. *Terry*, 61 Cal.2d 137 [37 Cal.Rptr. 605, 390 P.2d 381], the Supreme Court declared: ''In *Tompkins* . . . we did not forbid all searches of a dwelling without the consent of the joint occupant. Rather we limited our holding to prevent entry and search of the premises 'over the objection of another joint occupant present at the time. . . .' Thus *Tompkins* is distinguishable from the instant case; here defendant was not even present at the time of the search.''

██ We reject appellant's further contention that the court, on its own motion, should have instructed the jury on a lesser included offense. Appellant was charged with burglary. There was evidence from which the jury could reasonably find, as it did, that appellant entered the locked vehicle of Shaw. Appellant, however, denied that he entered Shaw's automobile. Appellant's counsel, in argument to the jury, sug-

gested that, if the jury were to find that appellant entered Shaw's unlocked vehicle, appellant might be guilty of trespass, a violation of Penal Code section 602, subdivision (*l*). Counsel for appellant made no formal request for an instruction in the language of the cited code section. After the jury had been instructed and departed for lunch, there was some desultory mention of such an instruction, and it was again suggested to the court when the jury returned to begin its deliberations. No formal instruction was prepared, however, and the court gave no instruction on trespass.

Appellant was charged with burglary, in that he entered a vehicle, when the doors of the vehicle were locked. Trespass, as described in Penal Code section 602, subdivision (*l*) is not a lesser included offense in automobile burglary. That code section has reference to trespass to real property. (See 1 Witkin, Cal. Crimes (1963) § 471; 35 Ops. Atty. Gen. 24, 25.) The victim's car was not real property nor was it a "structure" within the meaning of that term as used in the cited statute. Thus the court's refusal to give the instruction for which appellant contends was not error.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.