212 Cal.App.3d 1077 (1989)
261 Cal. Rptr. 39
In re TRINIDAD V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant,
v.
TRINIDAD V., Defendant and Respondent.
Docket No. B038244.
Court of Appeals of California, Second District, Division Two.
August 2, 1989.
*1078 COUNSEL
Ira Reiner, District Attorney, Donald J. Kaplan and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Appellant.
Wilbur F. Littlefield, Public Defender, Alan H. Simon, Robert McBirney and Sue Robin Pollock, Deputy Public Defenders, for Defendant and Respondent.
OPINION
COMPTON, J.
A petition filed in the juvenile court of Los Angeles County pursuant to Welfare & Institutions Code section 602 alleged that *1079 Trinidad V., 17 years of age, had unlawfully possessed cocaine in violation of Health and Safety Code section 11350, subdivision (a) and thus should be declared a ward of the court.
Following a hearing pursuant to Welfare and Institutions Code section 700.1,[1] the court suppressed the evidence upon which the petition was based, and the petition was thus ordered dismissed. The People have appealed. We reverse.
The hearing which led to the suppression order consisted entirely of the testimony of the deputy sheriff who had arrested the minor at the latter's home for spray painting graffiti on a market building in violation of Penal Code section 594 (vandalism). The cocaine was found in the minor's pocket during the booking procedure.
Since there was no dispute as to the facts which led to the arrest and the magistrate made no adverse finding as to the credibility of the arresting deputy, our function is to determine whether, as a matter of law, the arrest was valid.
"A peace officer may, without a warrant, take into temporary custody a minor: (a) Who is under the age of 18 years when such officer has reasonable cause for believing that such minor is a person described in Section ... 602...." (Welf. & Inst. Code, § 625.)
(1) This issue is simply whether the objective facts presented to the deputy sheriff at the time of the arrest would have led a reasonable person in his position and with his background, experience and expertise to entertain a strong suspicion of the guilt of the minor. (People v. Miller (1972) 7 Cal.3d 219 [101 Cal. Rptr. 860, 496 P.2d 1228]; People v. Rosales (1987) 192 Cal. App.3d 759 [237 Cal. Rptr. 558]; People v. Superior Court (Johnson) (1971) 15 Cal. App.3d 146 [92 Cal. Rptr. 916].)
(2) The arresting deputy had broad experience in dealing with juvenile gangs and their propensity for spray painting on various structures the names, logos, and other symbols of significance to gang activity.
He was summoned to the market in question by the owner who pointed out the various examples of the graffiti on the walls of his building and offered the information that members of the "Nut Hood Watts Gang" lived in a house directly behind the market.
*1080 The graffiti contained symbols referring to the Nut Hood Watts Gang and bore the names of the artists "Insane" "Dirty" and "ART." When the deputy went to the house behind the market, he observed a sign on the front door displaying the symbol "NHW" signifying the Nut Hood Watts Gang, the same symbol that appeared on the market and the word "ART" which also appeared on the market. The deputy also detected a similarity in the style of the writing and noted that the name ART in both instances was written with a small "a" followed by a capital R and T.
The deputy knocked at the door. The minor's mother answered the door and consented to the deputy talking to her sons. The minor and his two brothers appeared at the door. The deputy questioned the minor's brother Albert about the graffiti. Albert, while admitting his gang name was "Dirty," denied responsibility for the graffiti. At that point the minor stated: "Don't take him to jail  take me to jail."
The officer then advised the minor of his Miranda [Miranda v. Arizona (1966) 384 U.S. 436 (16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974)] rights following which the minor admitted that his gang name was Art. The minor was then arrested. Up to that point there had been no detention of the minor.
Clearly, the deputy sheriff was reasonable in going to the house and seeking an interview with the occupants. (People v. Michael (1955) 45 Cal.2d 751, 754 [290 P.2d 852]; see also In re Danny E. (1981) 121 Cal. App.3d 44, 49 [174 Cal. Rptr. 123].) He was also justified in concluding there was a strong probability that the person or persons responsible for the graffiti would be found at the location. The minor's statement "take me to jail" could reasonably be interpreted as an admission of guilt and, when coupled with his further admission that his gang name was "Art," leads unerringly to the conclusion that the deputy was perfectly reasonable in suspecting that the minor was guilty of the vandalism.
It was not necessary, as the trial court apparently believed, that the deputy sheriff be a qualified handwriting expert before he could describe the similarities in the writing. The issue was not whether the two writings were in fact made by the same person but only whether the deputy could reasonably suspect that they were. Nor was it necessary that the facts established guilt beyond a reasonable doubt. There is a great difference between the sufficiency of the evidence to justify an arrest and the evidence necessary for a conviction. (Brinegar v. United States (1949) 338 U.S. 160 [93 L.Ed. 1879, 69 S.Ct. 1302]; People v. Fischer (1957) 49 Cal.2d 442 [317 P.2d 967]; People v. Howell (1973) 30 Cal. App.3d 228 [105 Cal. Rptr. 748].)
*1081 The order is reversed.
Roth, P.J., and Gates, J., concurred.
Respondent's petition for review by the Supreme Court was denied November 15, 1989.
NOTES
[1] Welfare and Institutions Code section 700.1 is the juvenile law counterpart to Penal Code section 1538.5.