[Crim. No. 7452. Second Dist., Div. Three. Nov. 6, 1961.]

THE PEOPLE, Respondent, v. JOSEPH YANCY, JR., Appellant.

Joseph Yancy, Jr., in pro. per., and Warren L. Ettinger, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Don G. Kircher, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant was charged with the crime of possession of heroin. In addition he was charged with a prior felony, to wit, conviction for the sale of marijuana.

After pleading not guilty and denying the prior conviction, defendant, with counsel, waived trial by jury upon the issue of guilt and as to the allegation of the prior conviction. By stipulation the cause was submitted upon the transcript of the preliminary hearing with counsel reserving the right to offer additional evidence. At the trial defendant testified in his own behalf. He was found guilty. His motion for new trial was denied, as was probation. The prior was found to be true and defendant was sentenced to the state prison. He appeals from the judgment and order denying his motion for a new trial.

 With respect to defendant's contention that his apartment was unlawfully entered and searched there was evidence that Police Officers Dorrell and Fesler went to search Yancy's apartment at 1063¾ West 55th Street, Los Angeles, at about 12:10 p.m. on March 1, 1960; they knocked at the front door several times and, receiving no answer, they walked around to the rear door. The door was open and a woman was inside. Officer Dorrell asked if the defendant was there. The woman motioned with her head toward the inside. The officers entered the kitchen and seeing another man, inquired if he were the defendant. This man, whom Officer Fesler recognized as the landlord, told Officer Dorrell that defendant was in the bedroom, pointing to it. Both officers walked through the open bedroom door and found defendant in bed. Dorrell awakened defendant, identified himself as a policeman, showed his badge, and explained why they were there. He asked and received permission from Yancy to look around the apartment. Upon discovering a large quantity of heroin in the bedroom they placed defendant under arrest.

Yancy told the officers that it was his heroin and that he had it for his own use.

There was conflicting testimony as to whether consent to the entry and search was voluntary; however, the question was one of fact and there was evidence supporting the court's finding.

█ It is well recognized that if someone with apparent authority consents to the entry, and entry is made in good faith, it is not unlawful. (*People* v. *Ransome,* 180 Cal.App. 2d 140, 145 [4 Cal.Rptr. 347].) █ In addition, consent to enter may be given by affirmative actions as well as by words. (*People* v. *Smyre,* 164 Cal.App.2d 218, 224 [330 P.2d 489].)

█ The fact that the officers sought defendant's consent to search the premises did not render such consent involuntary. There was no evidence of threats or coercion of any sort. (*People* v. *Fields,* 167 Cal.App.2d 773, 776-777 [334 P.2d 1001].)

█ Also without merit is defendant's contention that evidence of his prior conviction was improperly admitted. The record shows that after the final argument the trial judge announced that he found defendant guilty. Thereafter the prosecution offered evidence of the prior conviction, to which defendant objected as being too late, since evidence of the prior conviction was not offered until after submission of the case and announcement of the court's decision.

Penal Code section 1158 requires that the judge in a non-jury trial must determine whether the defendant has suffered a prior conviction, if one is alleged in the information.

Section 1207 of the Penal Code reads: ''When judgment upon a conviction is rendered, the clerk, or if there is no clerk, the judge, must enter the same in the minutes, stating briefly the offense for which the conviction was had, and the fact of a prior conviction, if any. A copy of the judgment of conviction shall be filed with the papers in the case.''

The clerk's minutes of July 18, 1960, read in material part: ''Defendant rests. Cause is argued. Defendant is found 'Guilty.' People's Exhibit #2 (Prior) is introduced, out of order, and is marked for identification. A Probation Officer's report is ordered. Further proceedings and determination of the issue of prior conviction are continued to August 8, 1960 at 9:00 A.M. Defendant is remanded.''

It may be presumed that the proceedings of the day were not recorded in the clerk's minutes until they had been com-

pleted, including the continuance of the determination respecting the prior conviction, but it is immaterial whether the pronouncement of guilt had been entered in the minutes before proof of the prior was tendered. The trial was incomplete until the court made a finding as to the prior conviction. In the file under date of September 26, 1960, the date to which the matter was finally continued, appears a document labeled "judgment," duly entered in the clerk's minutes, by which it is shown that the motion for new trial was denied, probation was denied, defendant was sentenced, the allegation of the prior conviction was found to be true, it was ordered, adjudged and decreed that defendant be punished by imprisonment in the state prison for the term prescribed by law and he was remanded to the custody of the sheriff. The continuances had the effect of keeping the trial proceedings open until the matter of the prior conviction had been determined. The evidence upon that issue was properly received and considered.

The judgment and order are affirmed.

Ford, J., concurred.

A petition for a rehearing was denied November 21, 1961, and appellant's petition for a hearing by the Supreme Court was denied January 17, 1962.