[Crim. No. 8210.   Second Dist., Div. Two.   Oct. 23, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. BENNY ES-
TRADA AMADO, Defendant and Appellant.

Howard E. Beckler, under appointment by the District
Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and George W. Kell,
Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—This is an appeal by Benny Estrada Amado from a judgment convicting him of the possession of heroin in violation of section 11500 of the Health and Safety Code, and from the order denying his motion for a new trial. Appellant was also found to have suffered a prior conviction for the same offense and sentenced to state prison for the term prescribed by law. He advances only two contentions as the grounds upon which he seeks a reversal of the judgment: (1) that the incriminating evidence against him was obtained by means of an unlawful search and seizure; and (2) that certain of the testimony of the investigating police officers is inherently improbable.

Three Los Angeles police officers testified that they had received information from various informants that the appellant was dealing in heroin. On August 24, 1961, at approximately 4 p. m. a confidential informant, whose reliability was unknown and whose identity the officers declined to reveal, advised the officers that appellant then had narcotics at his residence. At approximately 5 p. m. the officers arrived at appellant's residence for the purpose of seeking an interview with the suspect. Clearly this was in pursuit of both their right and their duty. (*People* v. *Michael,* 45 Cal.2d 751, 754 [290 P.2d 852]; *People* v. *Martin,* 45 Cal.2d 755, 761 [290 P.2d 855].)

Upon arrival, the officers encountered appellant's brother who was seated upon the front steps. They identified themselves and stated the purpose of their call. The brother also identified himself and advised the officers that he lived in the house. He was then asked, ''Can we go in the house and talk about it?'' He answered, ''Yes'' or ''Sure'' and led the way inside. The brother was then asked whether appellant or anyone else was home at the time. He ''shook his head in negative fashion.'' The officers, however, heard male voices coming from an adjoining room, the door of which was partially open. One of the officers went to the door, looked inside and observed appellant and another man seated on the bed ''cutting'' heroin. The officer thereupon entered the bedroom and placed appellant under arrest. Appellant admitted his ownership of the narcotics and, upon being asked whether there were any more in the house, he produced from his pocket three condoms also containing heroin.

Obviously, the entry of the officers into the residence was proper since consent thereto had been given by a joint occupant. (*People* v. *Ransome,* 180 Cal.App.2d 140, 145 [4

Cal.Rptr. 347] ; *People* v. *Yancy,* 196 Cal.App.2d 665, 667 [16 Cal.Rptr. 766].) Indeed, appellant concedes that the officers were given permission to enter his residence, but contends that their investigation proceeded beyond the scope of their license.

██ Once lawfully within the premises, it was entirely reasonable for the officers in the performance of their duties to investigate the suspicious conduct of appellant and his companion which they observed through the partially open door to the adjoining room, especially in view of the brother's assertion that there was no other person in the building. Moreover, a search implies a prying into hidden places for that which is concealed, and the assumption that the object searched for may have been concealed. (*People* v. *Bly,* 191 Cal.App.2d 352, 356 [12 Cal.Rptr. 542].)

Appellant did not elect to take the witness stand, but his brother and sister gave testimony which in some respects contradicted that of the officers. ██ The evidence supporting the judgment is clearly sufficient and in no sense is it inherently improbable.

Judgment affirmed; purported appeal from order denying motion for new trial dismissed.[1]

Fox, P. J., and Ashburn, J., concurred.

---

[1]See section 1237 of the Penal Code as amended, statutes of 1961.