[Crim. No. 11845.   Second Dist., Div. Five.   July 27, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN TYRONE
REED, Defendant and Appellant.

Morton Herbert, under appointment by the Court of Appeal,
and Herbert & Levine for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and
Mark W. Jordan, Deputy Attorneys General, for Plaintiff and
Respondent.

STEPHENS, J. — Defendant John Tyrone Reed was
charged, along with codefendant Cockerham, with violation of
Penal Code section 211, robbery (count I) ; violation of Penal
Code section 459, burglary (count II) ; and that at the time of
commission of these offenses defendant was armed with a
deadly weapon, a gun, and committed an assault upon a
person; violation of Penal Code sections 664 and 187,
attempted murder (count III). A prior conviction of defend-
ant of robbery, a felony, was also alleged. Defendant pleaded

not guilty, but admitted the prior. After jury trial defendant and codefendant were each found guilty on each count, and each count was found to be of the first degree. The jury found defendant to have been armed at the time of the burglary. Count I was reduced to attempted robbery, a lesser included offense. Motion for new trial was denied, probation was denied, and sentence imposed to state prison for the term prescribed by law. Defendant appeals from the judgment of conviction.

The sole issue is the legality of the search of a residence and the seizure of the gun admitted into evidence.

On July 21, 1965, about 4:30 p.m., two men entered a drugstore in Pacoima which was owned by Mr. Shone. Donna Scott was an employee and at work in the store at the time. One man (later identified as Reed) confronted Scott. The other (later identified as Cockerham) went to the rear of the store. Scott was informed that it was a holdup. Shone saw the man in the rear of the store with his hand in the safe. Shone jumped Cockerham and a scuffle ensued. Reed fired a shot at Shone and wounded him. Cockerham dropped his glasses during the scuffle. After the shot was fired, both men ran from the store. The glasses bore Cockerham's fingerprints, and a spent slug was found and identified as of 38 caliber. At 5:30 p.m. that day, Cockerham and Reed were taken into custody in a Pacoima apartment.

On July 23, 1965, Sergeant Cohen, the arresting officer, returned to the Pacoima apartment, knocked on the door, and was invited in. Sergeant Cohen had no search warrant. The evidence is conflicting as to whether one Campbell answered the door, and after Cohen made known the purpose of his visit, said ''Come on in,'' or whether one Miss Davis answered the door at Campbell's direction. Likewise, there is a conflict as to whether Campbell said he was a ''renter'' or that Miss Davis was the ''renter.'' In either event, Campbell was staying at the apartment, and called it ''home.'' Campbell assisted Cohen in the search which resulted in finding the gun immediately beneath the couch and at the location defendant had been seated when arrested two days previously. Later the gun was determined to have been the one which shot the slug found in the drugstore. The gun was admitted into evidence over objection.

The search can be justified solely upon the theory of consent. ■ A valid consent to search eliminates the need for either a warrant or probable cause. (*People* v. *Gorg,* 45

Cal.2d 776, 782 [291 P.2d 469].)     ▮ Whether Campbell was the ''renter'' or occupier with consent of the ''renter,'' the evidence clearly establishes Campbell's apparent right of occupancy and exercise of control with relation to the premises. The right to legally authorize a search need not be exclusive; there may be joint right of possession. (See *Tompkins* v. *Superior Court*, 59 Cal.2d 65, 69 [27 Cal.Rptr. 889, 378 P.2d 113].)

▮ The person in control of the premises may consent to a search thereof. (*People* v. *Guyette*, 231 Cal.App.2d 460, 464 [41 Cal.Rptr. 875].) The reasonable belief of the officer that the occupant of the premises, with apparent authority to give consent to its search, makes lawful the search based on the consent. (*People* v. *Smith*, 63 Cal.2d 779, 798 [48 Cal.Rptr. 382, 409 P.2d 222]; *People* v. *Kinard*, 210 Cal.App.2d 85 [26 Cal.Rptr. 377]; See Witkin, Cal. Evidence (2d ed. 1966) § 88, p. 82.) Where there is substantial support in the evidence to support the trial court's conclusion that the search was upon valid consent, the fruit of the search may be seized. (*People* v. *Roberts*, 47 Cal.2d 374, 378-379 [303 P.2d 721].

The judgment is affirmed.

Kaus, P. J., and Hufstedler, J., concurred.

A petition for a rehearing was denied August 25, 1967, and appellant's petition for a hearing by the Supreme Court was denied September 21, 1967.